

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK RIORDAN and<br>KATHLEEN BRUZY | : | CIVIL ACTION<br>NO. 3:02 CV 01132 (DJS) |
| V. | : | |
| TROOPER ANDRE JOYNER, BADGE<br>NO. 1336, SERGEANT F.J. WHELAN,:<br>OFFICER RICHARD T. HANNON and<br>JOHN DOES 1-4, | : | OCTOBER 13, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT RICHARD HANNON'S MOTION FOR SUMMARY JUDGMENT

I.    INTRODUCTION

The present case arises from a motor vehicle stop which occurred on December

19, 2001.  At that time, the co-defendant Trooper Andre Joyner received a dispatch that

shots had been fired from a sport utility vehicle and that the complainant was still

following the vehicle heading north on I-91.  Soon thereafter, the sport utility vehicle

operated by Kathleen Bruzy was stopped by Trooper Joyner.  Ms. Bruzy's fiancé, Mark

Riordan, then voluntarily pulled his vehicle to the side of the road ahead of Ms. Bruzy.

Ms. Bruzy was handcuffed by Trooper Joyner and her vehicle was searched for

weapons.  Mr. Riordan was handcuffed by unidentified officers from the North Haven

Police Department and his vehicle was also searched for weapons.  When no weapons

were found, the plaintiffs were released and allowed to proceed on their way.  The

defendant, Officer Richard Hannon of the North Haven Police department was

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

dispatched to the area of the motor vehicle stop, but did not participate in the handcuffing of the plaintiffs nor the searches of their vehicles.

The plaintiffs now claim that they were subjected to excessive force, false arrest and malicious prosecution, and that the searches of their vehicles were unreasonable in violation of their rights under the Fourth Amendment. The plaintiffs have also brought common law claims of intentional infliction of emotional distress.

The defendant, Richard Hannon, now moves for summary judgment on the grounds that his conduct did not violate any of the plaintiff's rights under the Fourth Amendment, that the motor vehicle stop and subsequent search did not violate the Fourth Amendment, that handcuffing does not constitute excessive force, and that he is entitled to qualified immunity. The defendant also seeks dismissal of the state law claims of intentional infliction of emotional distress.

II.    ARGUMENT

A.    STANDARD OF REVIEW

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

- 2 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 91 L. Ed.

2d 202, 106 S. Ct. 2505 (1986) (emphasis in the original). While the court must view the

inferences to be drawn from the facts in the light most favorable to the party opposing

the motion, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106

S. Ct. 1348, 89 L. Ed. 2d 538 (1986), a party may not "rely on mere speculation or

conjecture as to the true nature of the facts to overcome a motion for summary

judgment." <u>Knight v. U.S. Fire Ins. Co.</u>, 804 F.2d 9, 12 (2d Cir. 1986) (Feinberg, C.J.),

cert. denied, 480 U.S. 932, 94 L. Ed. 2d 762, 107 S. Ct. 1570 (1987). The non-moving

party may defeat the summary judgment motion by producing sufficient specific facts to

establish that there is a genuine issue of material fact for trial. <u>Celotex Corp. v. Catrett</u>,

477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Finally, "mere conclusory

allegations or denials" in legal memoranda or oral argument are not evidence and

cannot by themselves create a genuine issue of material fact where none would

otherwise exist. <u>Quinn v. Syracuse Model Neighborhood Corp.</u>, 613 F.2d 438, 445 (2d

Cir. 1980) *quoting* <u>S.E.C. v. Research Automation Corp.</u>, 585 F.2d 31, 33 (2d Cir.

1978).

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

B.    <u>THE PLAINTIFFS' MALICIOUS PROSECUTION AND FALSE ARREST CLAIMS FAIL AS A MATTER OF LAW BECAUSE THE PLAINTIFFS' WERE NOT ARRESTED AND THEIR BRIEF DETENTION WAS SUPPORTED BY REASONABLE SUSPICION.</u>

In the present case, the plaintiffs have asserted claims of malicious prosecution and false arrest under the Fourth Amendment. However, because the plaintiff's were only detained and searched for weapons, rather than arrested, their claims fail as a matter of law. Further, the brief period of detention was supported by reasonable suspicion that the plaintiffs possessed weapons. Most importantly, because Officer Hannon did not make the initial motor vehicle stop, or handcuff either of the plaintiffs, the claims against him are insufficient as a matter of law.

"A § 1983 false arrest claim requires the plaintiff to establish that (1) the defendant intentionally arrested him or had him arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent to the arrest; and (4) the arrest was not supported by probable cause." See <u>Arum v. Miller</u>, 193 F.Supp.2d 572, 585 (E.D.N.Y.2002) (citing <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 118 (2d Cir.1998)); <u>United States v. Ceballos</u>, 812 F.2d 42, 50 (2d Cir.1987)).

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment ... and establish the elements of a malicious prosecution under state law." <u>Fulton v. Robinson</u>, 289 F.3d 188 (2d Cir.2002) (internal citations omitted). Under Connecticut

- 4 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

state law, to establish malicious prosecution, the plaintiff must demonstrate the "initiation or procurement of the initiation of criminal prosecution with malice for a purpose other than bringing an offender to justice; that the defendant acted without probable cause, and the criminal proceedings terminated in favor of the plaintiff." Clark v. Town of Greenwich, No. CV00177986, 2002 WL 237854, at *3 (Conn.Super.Jan.24, 2002); see also QSP, Inc. v. Aetna Casualty and Surety Co., 256 Conn. 343, 361, 773 A.2d 906 (2001) (holding that in malicious prosecution or vexatious litigation suit "it is necessary to prove want of probable cause, malice and a termination of [the] suit in the plaintiffs' favor") (citations and internal quotation marks omitted). "In order to allege a cause of action for malicious prosecution under §§ 1983, [a plaintiff] must assert, in addition to the elements of malicious prosecution under state law, that there was ... a sufficient post-arraignment liberty restraint to implicate the plaintiff's fourth amendment rights." Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir.2000) (citing Murphy v. Lynn, 118 F.3d 938, 944-46 (2d Cir.1997)).

"The fourth amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person-i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty. A plaintiff asserting a fourth amendment malicious prosecution claim under § 1983 must therefore show some deprivation of liberty consistent with the concept of 'seizure.' " Id. (quoting Singer, 63 F.3d at 116, and citing Murphy, 118 F.3d at 944). "[S]ince the gist of a claim for

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

malicious prosecution is abuse of the judicial process, a plaintiff pursuing such a claim under §§ 1983 [also] must show that the seizure resulted from the initiation or pendency of judicial proceedings." Id. (citation omitted).

"The threshold issue for the Court is whether, on the facts alleged, [the plaintiff's] right to be free from arrest without probable cause was violated. This question is primary both for a § 1983 false arrest or malicious prosecution analysis ...[because] the existence of probable cause is a complete defense to a civil rights claim alleging false arrest or malicious prosecution." Garcia v. Gasparri, 193 F.Supp.2d 445, 449 (D.Conn. 2002) (citing Curley v. Village of Suffern, 268 F.3d 65, 69-70 (2d Cir.2001)).

In the present case, the plaintiffs were not arrested or charged with any crimes. They were not subjected to any judicial proceedings or post-arraignment deprivations of liberty.  Finally, there is no evidence of malice.  The plaintiffs had never met Officer Hannon and do not know if they had any interaction with him that evening.  There is no evidence that this was anything other than a traffic stop based on erroneous information provided by a civilian complainant.  The plaintiffs were briefly detained for a weapons search in response to a complaint that shots had been fired from one of the vehicles. This type of brief detention is permissible under Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), so long as it is supported by reasonable suspicion.  The defendants need only meet this lower standard in order to justify the stop and search.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

"Reasonable Suspicion" must be based on some objective manifestation that the suspect is involved in criminal activity. United States v. Swift, 220 F.3d 502, 506 (7th Cir. 2000). Although police may not detain an individual merely on a hunch, the likelihood of criminal activity need not rise to the level required for probable cause and falls well short of a preponderance of the evidence standard. United States v. Arvizu, 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). The officer's reasonable belief must be based on "specific and articulable facts" that are "taken together with rational inferences from those facts." Terry, 392 U.S. at 21. "The reasonableness of a search for weapons at an investigative stop, however, does not turn on actual knowledge. The decisive inquiry considers the 'specific and articulable facts' and the inferences that arise form those facts." United States v. Shranklen, 315 F.3d 959, 961 (8th Cir. 2003). "In examining the relevant facts and inferences, we must keep in mind that 'minimally intrusive weapons searches' at traffic stops will more likely be reasonable because of the 'inherent danger' of traffic stops." Id at 962, citing United States v. Menard, 95 F.3d 9, 11 (8th Cir. 1996).

The complaint made Mr. Angelico, his specific description of what he had seen and heard, his description of the vehicle and the fact that the he followed Ms. Bruzy's vehicle to the location of the actual stop, clearly demonstrates the existence of reasonable suspicion. This was not a situation in which an anonymous source gave vague information to the police. The information provided by Mr. Angelico clearly

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

amounts to "specific and articulable facts' which gave rise to reasonable suspicion by the officers that the plaintiffs might be in possession of firearms. The fact that Mr. Riordan stopped his vehicle at the scene simply made a dangerous situation more volatile. A reasonable officer could only conclude that he might also have weapons and had been involved in the activities reported by Mr. Angelico. At the very least, there was sufficient information to believe that he posed a danger to the officers. Therefore, the stop and search for weapons by Trooper Joyner and the other officers did not violate the Fourth Amendment.

Even if the Court holds that the stop and search must be supported by probable cause, this burden is also met. A finding of probable cause will defeat a claim for false arrest. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Zanghi v. Incorporated Village of Brookville, 752 F.2d 42, 45 (2d Cir. 1985). "If there existed probable cause at the time of the arrest, the arrest is 'privileged,' and the individual has no constitutional or statutory claim against the officer who made the arrest." Decker v. Campus, 981 F.Supp. 851, 856 (S.D.N.Y. 1997). The claim of false imprisonment is also defeated by a finding of probable cause. "It is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment and malicious prosecution." Zanghi v. Incorporated Village of Old Brookville, 752 F.2d 42, 45 (2d Cir. 1985).

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

The undisputed facts of this case clearly demonstrate the existence of probable cause. Probable cause exists "when the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" <u>O'Neill v. Town of Babylon</u>, 986 F2d 646, 650 (2d Cir. 1993)(quoting <u>Calamia v. City of New York</u>, 879 F.2d 1025, 1032 (2d Cir. 1989). "The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest. If there was probable cause for any of the charges made ... then the arrest was supported by probable cause, and the claim for false arrest fails." <u>Wells v. Bonner</u>, 45 F.3d 90, 95 (5th Cir. 1995).

In the present case, Trooper Joyner was told that the complainant had actually seen and heard gunfire from Ms. Bruzy's vehicle. The complainant, Henry Angelico, gave a description of he vehicle, the license plate number and he followed the vehicle until it was stopped by Trooper Joyner. Based on this information, Trooper Joyner had probable cause to stop the vehicle and detain Ms. Bruzy. When Mr. Riordan stopped his vehicle in front of Ms. Bruzy's, there was sufficient information to believe that he was involved in the illegal conduct reported by Mr. Angelico. The fact that the searches of the vehicles did not yield any weapons does not negate the information provided by the complainant and does not defeat probable cause.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Finally, there is no evidence that Officer Hannon was not involved in the motor vehicle stop or the handcuffing of the plaintiffs. Ms. Bruzy was stopped by Trooper Joyner and Mr. Riordan voluntarily pulled over. Ms. Bruzy was handcuffed and patted down by Trooper Joyner, while Mr. Riordan was handcuffed by officers which he could not identify by name. Finally, neither plaintiff could testify that they had had any interaction with Officer Hannon on that evening. Therefore, Officer Hannon is entitled to summary judgment on the claims of false arrest or malicious prosecution.

C.    THE SEARCHES OF THE PLAINTIFFS' VEHICLES WERE REASONABLE.

The plaintiffs' claims that the searches of their respective vehicles for weapons constituted an unreasonable search under the Fourth Amendment. Their claims fail as a matter of law because the searches were based on the officers' reasonable suspicion that the plaintiffs possessed weapons.

It is well established law that police officers may conduct a brief, investigatory stop of an individual when they have a reasonable suspicion based on articulable facts that a crime is about to be or has been committed. Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "Officers may conduct a protective search of a vehicle's passenger compartment when they have a reasonable belief that the suspect poses a danger and that their safety may be threatened by the possible presence of weapons." United States v. Wimbish, 337 F.3d 947, 950 (7th Cir. 2003), citing Michigan

- 10 -

315 Post Road West
Westport, CT  06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

v. Long, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); Unites States v. Mancillas, 183 F.3d 682, 699-700 (7th Cir. 1999).

In the present case, the defendants received a complaint that shots had been fired from the vehicle operated Ms. Bruzy. Ms. Bruzy's vehicle was subsequently stopped by Trooper Joyner. She was ordered from the vehicle and placed in handcuffs while the passenger compartment of her vehicle was searched by unidentified state and municipal police officers. Mr. Riordan voluntarily stopped his vehicle and pulled off to the side of the road when he observed Ms. Bruzy's vehicle being stopped. Mr. Riordan was then ordered from his vehicle and placed in handcuffs while the passenger compartment of his vehicle was searched by members of the North Haven Police Department at the direction of Trooper Riordan. Once the vehicles were searched and no weapons were found, the handcuffs were removed and the plaintiffs were permitted to leave the area.

For reasons already stated above, the searches of the vehicles were supported by a reasonable suspicion that there were firearms in one or both of the vehicles. This reasonable suspicion was based on the information provided by a civilian witness, as well as, Mr. Riordan's act of pulling his vehicle over in the immediate area of Ms. Bruzy and Trooper Joyner. Additionally, there is no evidence that Officer Hannon searched either of the vehicles. Therefore, Officer Hannon is entitled to summary judgment.

- 11 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

D.    HANDCUFFING DOES NOT CONSTITUTE EXCESSIVE FORCE

In the present case, the plaintiffs claim that they were subjected to excessive force. This claim is based solely on the fact that they were handcuffed during the search for weapons. The defendant is entitled to summary judgment because he did not handcuff either of the plaintiffs and they do not claim that they suffered any injuries as a result of their handcuffing.

"To establish a Fourth Amendment excessive-force claim, a plaintiff must show that the force used by the officer was, in light of the facts and circumstances confronting him, 'objectively unreasonable' under the Fourth Amendment standards." Finnegan v. Fountain, 915 F.3d 817, 823 (2d Cir. 1990), citing Graham v. Connor, 490 U.S. 396 (1989). This reasonableness test "requires careful attention to the facts and circumstances of each particular case" and takes into account "the severity of the crime at issue, whether the suspect poses and immediate threat to the Officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 409 U.S. at 396. "Not every push or shove, even if it may later seem unnecessary in the peace of a judges chambers, violates the Fourth Amendment." Graham 490 U.S. at 396.

- 12 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

The Fifth Circuit has developed a three part test for evaluating excessive force claims. To prevail on a claim of excessive force, an arrestee must prove: "(1) a significant injury, which; (2) resulted directly and only from the use of force that was clearly excessive to need; and the excessiveness of which was (3) objectively unreasonable." Johnson v. Morel, 876 F.2d 477, 480 (5th Cir. 1989).

In the present case, the plaintiffs claim that the mere act of handcuffing constitutes excessive force. Courts have already found that handcuffing can give rise to a claim of excessive force only where and individual suffers an injury as a result. See Simpson v. Saroff, 741 F. Supp. 1073, 1078 (S.D.N.Y. 1990). The application of handcuffs which is merely uncomfortable or causes pain is generally insufficient to constitute excessive force. See Brumfield v. Jones, 849 F.2d 152, 156 (5th Cir. 1988); Van Houten v. Baughman, 663 F. Supp. 887, 891 (C.D. Ill. 1987)(Pain in wrist and numbness in hand resulting from handcuffing was not severe injury to support a § 1983 claim.); See also Foster v. Metro. Airports Comm'n, 914 F.2d 1076 (8th Cir. 1990)(Allegations of pain from tight handcuffs, without evidence of permanent injury is insufficient to support a claim of excessive force).

In their deposition testimony, both Mr. Riordan and Ms. Bruzy testified that the only physical force used against them was handcuffing during their brief detention. Ms. Bruzy testified that she was handcuffed by Trooper Joyner. Ms. Bruzy also testified that the handcuffs caused no pain or injury. Mr. Riordan could not identify, by name, the

- 13 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

officer who placed the handcuffs on him. Mr. Riordan testified that the handcuffs caused some temporary pain that was relieved once the handcuffs were loosened after approximately six minutes. Mr. Riordan testified that he suffered no injury as a result of the handcuffing. Neither of the plaintiffs sought any treatment for any injuries received as a result of the handcuffing.

In this case, the use of handcuffs during a brief protective search for weapons cannot, as a matter of law, be characterized as excessive. Thus, Officer Hannon is entitled to summary judgment on this claim.

E.     THE DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.

Officer Hannon is entitled to qualified immunity for the claims under the Fourth Amendment because his conduct did not violate any of the plaintiffs' clearly established rights. In the alternative, it was objectively reasonable for Officer Hannon to believe that, following a report of shots being fired, individuals could be stopped, patted down for weapons and handcuffed for a brief period of time while their vehicles were searched for weapons, without violating any clearly established constitutional rights.

> To establish [qualified] immunity, a defendant must demonstrate that his conduct did not violate any of the plaintiff's ... clearly established rights, ... that would have been known to a reasonable person or that it was objectively reasonable for him to believe that his .. actions did not violate any of those clearly established rights.

- 14 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Lennon v. Miller, 66 F.3d 416, 422 (2nd Cir. 1995). "However, the availability of qualified immunity does not turn on whether the defendants violated the plaintiff's rights; qualified immunity is a defense ..." Id. at 423. The Second Circuit further stated;

> We have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials--like other officials who act in ways they reasonably believe to be lawful--should not be held liable.

Id. (citations omitted). In Lennon, the Second Court applied the basic "reasonableness" test established by the Supreme Court in Graham v. Connor, 490 U.S. 396 (1989), to all of the claims which the plaintiff makes in the present case. "The rule requiring the judge to resolve questions of reasonableness on summary judgment in qualified immunity cases where the material facts are not in dispute is consistent with the doctrine's purpose of providing immunity for suit, as well as a defense to liability." Lennon, at 421 (citations omitted).

The Second Circuit has held that, in determining whether a constitutional right is clearly established, the following factors are to be considered: "(1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit courts support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful." McEvoy v. Spencer, 124 F.3d 92 (2nd Cir. 1997);(Citations omitted).

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

In this case, the Officer Hannon is entitled to qualified immunity because the search of the plaintiffs' vehicles was supported by reasonable suspicion and their brief handcuffing during the search did not constitute excessive force.  Therefore, these actions did not violate any of the plaintiffs' clearly established constitutional rights.

However, assuming *arguendo*, that a clearly established right was violated by Officer Hannon's actions, he would still be entitled to qualified immunity.  Under the facts and circumstances present, it was objectively reasonable for him to believe that his actions did not violate any clearly established constitutional rights.

Should the Court find that Officer Hannon actually participated in the handcuffing or vehicle searches, his conduct can only be found to have been objectively reasonable under the circumstances.  The information provided to the police was that gunshots had been fired from Ms. Bruzy's vehicle.  Once this vehicle was stopped, Mr. Riordan then pulled over for no apparent reason.  His presence and apparent connection to Ms. Bruzy obviously presented a potential danger to the officers.  Moreover, it was reasonable to conclude that he could have been involved in any of the activities reported to the police by Mr. Angelico.  Clearly, complaints of shots being fired on a public highway must be taken seriously and with the proper degree of caution considering the danger presented by the possible presence of firearms during motor vehicle stops.   Under the facts and circumstance present, Officer Hannon acted reasonably and is entitled to qualified immunity.

- 16 -

315 Post Road West
Westport, CT  06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

F.   <u>SHOULD THE COURT GRANT SUMMARY JUDGMENT IN FAVOR OF
THE DEFENDANT AS TO THE FEDERAL CLAIMS, THE COURT
SHOULD DISMISS THE STATE LAW CLAIMS FOR LACK OF
JURISDICTION.</u>

Should this Court grant the defendant's Motion for Summary Judgment regarding
the plaintiff's constitutional claims brought pursuant to 42 U.S.C. § 1983, then the Court
should dismiss the plaintiff's remaining state law claim  for lack of supplemental
jurisdiction.  28 U.S.C. § 1367(c)(3) states in pertinent part; "The district courts may
decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (2)
the district court has dismissed all claims over which it has original jurisdiction."

Should the Court grant the defendant's Motion for Summary Judgment regarding
the plaintiff's constitutional claims, the only remaining claims will be the plaintiffs' state
law claims of intentional infliction of emotional distress.  It would not be an abuse of the
Court's discretion to decline to exercise jurisdiction over the state law claims once the
federal claims have been dismissed.  <u>Pitchell v. Callan</u>, 13 F.3d 545, 549 (2nd Cir.
1994).

In <u>Pitchell</u>, the Second Circuit ruled that the district court was well within its
discretion to decline jurisdiction over the plaintiff's state law claims shortly before trial,
once the federal claims had been dismissed.  The Second Circuit also stated that the
plaintiff had no "absolute right" to pendant jurisdiction.  <u>Id</u>.  Any harm or delay which the
plaintiffs may incur by having their state law claims dismissed is properly born by the

- 17 -

315 Post Road West
Westport, CT  06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

plaintiffs because they knew that pendent jurisdiction over their state law claims was "tentative." Id.

The Court does not have any overwhelming interest in this case.  It is proper for the Court to decline to exercise its supplemental jurisdiction over the plaintiffs' state law claims of intentional infliction of emotional distress.


G.     THE UNDISPUTED FACTS DEMONSTRATE THAT OFFICER HANNON DID NOT ENGAGE IN ANY CONDUCT WHICH CAN BE CHARACTERIZED AS EXTREME AND OUTRAGEOUS.

While the plaintiffs have asserted claims of intentional infliction of emotional distress, there are no facts which demonstrate extreme and outrageous conduct by Officer Hannon, nor are there any facts which support the plaintiffs' claims that they suffered any severe emotional distress.

In order to state a claim of intentional infliction of emotional distress, "it must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was likely to result from his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants' conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe."  DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991).

"Whether the defendant's conduct is sufficient to satisfy this element is a question, in the first instance for this court." Mellay v. Eastman Kodak Co., 42 Conn.

315 Post Road West
Westport, CT  06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Supp. 17, 18 (1991); DeLeon v. Little, 981 F.Supp. 728 (1997); Ziobro v. Connecticut Institute for the Blind, 818 F.Supp. 497 (1993); Jewett v. General Dynamics Corp, 1997 Conn. Super. LEXIS 1264 (1997); and Protasewich v. Combustion Engineering, Inc., 1997 Conn. Super. LEXIS 646 (1997).

In the case at bar, the requisite elements of a claim for intentional infliction of emotional distress simply do not exist.  There is no evidence that Officer Hannon intended to inflict emotional distress, that his conduct was either extreme or outrageous, or that the plaintiffs suffered any severe emotional distress.

In interpreting what constitutes "extreme and outrageous" conduct, the Connecticut courts have relied on the Restatement (Second) of Torts Section 46, (d) (1965), which provides: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Appleton v. Board of Education, 254 Conn. 205, 212 (2000); Hill v. Pinkerton Security & Investment Services, Inc., 977 F.Supp. 148 (D.Conn. 1997), citing, DeLaurentis v. City of New Haven, 220 Conn. 225, 597 A.2d 807 (1991) also citing Petyan v. Ellis, 200 Conn. 243 (1986).  "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind ... Thus, it is the intent to cause injury that is the gravamen of the tort."

- 19 -

315 Post Road West
Westport, CT  06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Hustler Magazine v. Falwell, 485 U.S. 46, 53 (1988). "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an a action based upon intentional infliction of emotional distress ..." Appleton v. Board of Education, 254 Conn. 205, 212 (2000), citing 1 Restatement (Second), Torts, comment (d), p. 73 (1965). Allegations against police officers of submitting false statements in an arrest warrant affidavit and not properly investigating a criminal complaint do not constitute extreme and outrageous conduct to sustain a claim for intentional infliction of emotional distress. Elinsky v. Marlene, 1997 Conn. Super LEXIS 3050 at page 29 (1997).

In the present case, the officers in question performed a motor vehicle stop and searched for weapons based on a report that a weapon had been fired from one of the plaintiffs' vehicles. The officers acted appropriately in performing a limited search of the plaintiffs and the passenger compartments of their vehicles for weapons and then permitting the plaintiffs to leave the area when no weapons were found. The entire incident lasted only twelve to thirteen minutes. The plaintiffs were not injured or treated roughly during this incident. Finally, there is no evidence that Officer Hannon handcuffed either plaintiff or participated in the search of their vehicles.

While this incident was undoubtedly upsetting to the plaintiffs, there is no evidence that Officer Hannon or any of the other officers acted in an extreme or outrageous manner.

- 20 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

H.   **THE PLAINTIFFS HAVE NOT SUFFERED SEVERE EMOTIONAL DISTRESS.**

In the present case, the plaintiffs' have sought no treatment with any psychiatrists or psychologists for any alleged severe emotional distress and can produce no evidence to support their claim that they have actually suffered any emotional distress.  Therefore, Officer Hannon is entitled to summary judgment.

To prevail on a claim of intentional infliction of emotional distress, a plaintiff must not only prove that the defendant's conduct was extreme and outrageous, he must also prove that he has actually suffered "mental distress of a very serious kind." DeLaurentis, 220 Conn. at 267.  Connecticut courts have held that emotional distress can be characterized as "severe" where it reaches a level which "no reasonable person could be expected to endure." Almonte v. The Coca-Cola Bottling Company of New York, Inc., 959 F. Supp. 569 (D. Conn. 1997), *citing* Mellaly v. Eastman Kodak Company, 42 Conn. Supp. 17 (1991).  In Almonte, the court noted that the symptoms of sleeplessness, depression and anxiety without evidence of physical manifestation or seeking medical treatment did not constitute severe emotional distress.  Almonte, at 575-576.  Connecticut courts have long recognized that physical manifestations and medical treatment are significant factors in determining whether a plaintiff has suffered severe emotional distress.

- 21 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

The plaintiffs have produced no evidence to show that they suffered "mental distress of a very serious kind." Ancona v. Manafort, 746 A.2d 184, 192 (Conn. App. 2000). See, e.g., Drew v. K-Mart Corp., 655 A.2d 806, 814 (Conn. App. 1995)(testimony that plaintiff suffered "great humiliation" was insufficient to support a finding that the plaintiff suffered severe emotional distress); Reed v. Signode Corp., 652 F. Supp. 129, 137 (D. Conn. 1986) (plaintiff's testimony that events were "distressing" was insufficient to support a claim for intentional infliction of emotional distress); Esposito v. Conn. College, 28 Conn. L. Rptr. 47 (Conn. Super. 2000) (granting summary judgment in favor of defendants on intentional infliction of emotional distress claim where "plaintiff's submissions failed to indicate any symptoms or conditions suffered by plaintiff"); MacDonald v. Howard, 28 Conn. L. Rptr. 373 (Conn. Super. 2000) (noting that "merely alleging extreme emotional distress unsupported by factual allegations is legally insufficient " to sustain a claim for intentional infliction of emotional distress).

The plaintiffs have admitted that they have not treated with any psychiatrists, psychologists or any other mental health care providers. Additionally, the plaintiffs have alleged no facts nor provided any evidence to support their claim that they have suffered any severe emotional distress. The plaintiffs' lack of related psychiatric treatment or emotional counseling all serve to defeat his claim of severe emotional distress.

- 22 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

As there has been no extreme and outrageous conduct, and there is no evidence of severe emotional distress, the defendant is entitled to judgment as a matter of law.

III.    CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment should be granted.

THE DEFENDANT:
RICHARD T. HANNON

By _____
Robert A. Rhodes of
HALLORAN & SAGE  LLP
Fed. Bar #ct13583
315 Post Road West
Westport, CT 06880
(203) 227-2855

- 23 -

315 Post Road West
Westport, CT  06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

## CERTIFICATION

      This is to certify that on this 13TH day of October, 2003, I hereby mailed a copy of the foregoing to:

Robert M. Berke
135 Elm Street
Bridgeport, CT 06604


Stephen R. Sarnoski
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

Robert K. Ciulla, Esq.
Ciulla & Donofrio, LLP
127 Washington Avenue
P.O. Box 219
North Haven, CT 06473


Robert A. Rhodes

456179.1(HS-FP)

- 24 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195