

FILED

2003 DEC -3 P 1: 58

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK RIORDAN and<br>KATHLEEN BRUZY | : | CIVIL ACTION<br>NO. 3:02 CV 01132 (DJS) |
| V. | : | |
| TROOPER ANDRE JOYNER, BADGE<br>NO. 1336, SERGEANT F.J. WHELAN,:<br>OFFICER RICHARD T. HANNON and<br>JOHN DOES 1 -4, | : | December 2, 2003 |

**DEFENDANT HANNON'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I.   INTRODUCTION

The purpose of the present Supplemental Memorandum of Law is to incorporate an affidavit completed by Officer Richard Hannon (attached as Exhibit A) concerning his lack of involvement in the detention of the plaintiffs and search of their vehicles.

II.   ARGUMENT

OFFICER RICHARD HANNON WAS NOT INVOLVED IN THE HANDCUFFING OF EITHER PLAINTIFF OR THE SEARCH OF THEIR VEHICLES.

The present affidavit, together with the plaintiffs' deposition testimony, clearly demonstrates that Officer Hannon did not violate any of the plaintiffs' clearly established constitutional rights.

The plaintiffs claim that the brief detention and search of their vehicles was unreasonable and that they were also subjected to excessive force when they were

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

handcuffed. However, Officer Hannon did not arrive at the scene until one or both of the plaintiffs were already out of their vehicles. (See Ex. A at ¶ 4.) Officer Hannon did not handcuff either of the plaintiffs and Officer Hannon did not participate in the searches of either of the vehicles. (See Ex. A at ¶ ¶ 7, 8.) This affidavit is consistent with the plaintiffs' own deposition testimony in which neither plaintiff could identify Officer Hannon as one of the officers who handcuffed them or searched their respective vehicles. Under these circumstances, Officer Hannon cannot be held liable for any of the claims set forth in the plaintiffs' complaint.

Additionally, Officer Hannon is entitled to qualified immunity because he did not violate any of the plaintiffs' clearly established constitutional rights and it would have been objectively reasonable for Officer Hannon to believe that the other officers were not violating any of the plaintiff's well established constitutional rights.

First, Officer Hannon was not present when Ms. Bruzy's vehicle was stopped by Trooper Joyner and Mr. Riordan's vehicle voluntarily pulled over. Therefore, assuming that there was a constitutional violation, Officer Riordan was not present at the time the vehicles were stopped and would not have had a reasonable opportunity to intervene or otherwise prevent the motor vehicle stop.

Second, Officer Riordan did not observe any excessive or unreasonable force. (See Ex. A at ¶ 6.) In fact, the parties have agreed that the only force used was handcuffing and that neither of the plaintiffs sustained any permanent or temporary

- 2 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

injuries as a result. Therefore, Officer Hannon would be entitled to qualified immunity for failing to intervene and stop the handcuffing of the plaintiff because such handcuffing is not a violation of a clearly established constitutional right. Additionally, it would have been objectively reasonable for Officer Hannon to believe that he was not violating the plaintiffs' constitutional rights by permitting the handcuffing to take place.

Third, the search of the plaintiffs' vehicles for weapons by the other officers was not unreasonable in light of the complaint made by Mr. Angelico. Therefore, Officer Hannon acted reasonably in not taking action to prevent or stop the vehicle searches.

Finally, as for the plaintiffs claim of intentional infliction of emotional distress, Officer Hannon did not take any action which can remotely be characterized as extreme or outrageous. He simply arrived at the scene to back up and provide protection for the other officers. Therefore, the plaintiffs' claims of intentional infliction of emotional distress against Officer Hannon fail as a matter of law because there is no evidence of any extreme and outrageous conduct attributable to Officer Hannon.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

III.　**CONCLUSION**

For the foregoing reasons as well as those set forth in the original Memorandum of Law, the defendant's Motion for Summary Judgment should be granted.

THE DEFENDANT:
RICHARD T. HANNON

By _/s/ Robert A. Rhodes_
Robert A. Rhodes of
HALLORAN & SAGE  LLP
Fed. Bar #ct13583
315 Post Road West
Westport, CT 06880
(203) 227-2855

- 4 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

## CERTIFICATION

This is to certify that on this 2nd day of December, 2003, I hereby mailed a copy of the foregoing to:

Robert M. Berke
135 Elm Street
Bridgeport, CT 06604

Stephen R. Sarnoski
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

Robert K. Ciulla, Esq.
Ciulla & Donofrio, LLP
127 Washington Avenue
P.O. Box 219
North Haven, CT 06473

_____
Robert A. Rhodes

478176.1(HS-FP)

- 5 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195



Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK RIORDAN and                    :    CIVIL ACTION
KATHLEEN BRUZY                           NO. 3:02 CV 01132 (DJS)

V.                                  :

TROOPER ANDRE JOYNER, BADGE
NO. 1336, SERGEANT F.J. WHELAN,:
OFFICER RICHARD T. HANNON and
JOHN DOES 1-4,                      :    SEPTEMBER 9, 2003

## AFFIDAVIT OF RICHARD T. HANNON

The undersigned being duly sworn hereby deposes and states:

1. I am over 21 years of age and believe in the obligation of an oath.

2. At all times relevant to the Complaint, I was employed as a patrol officer with the North Haven Police Department.

3. On the evening of December 19, 2001, I was dispatched to a motor vehicle stop in the area of I-91 North and the Route 40 connector in North Haven, Connecticut.

4. When I arrived at the scene, one or both of the suspects/operators of the civilian vehicles were already out of their vehicles.

5. One or both of the suspects might have been in handcuffs.

6. I did not observe the use of any unreasonable force by any of the state or municipal police officers at the scene.

7. I did not participate in the handcuffing or have any physical contact with either of the suspects.

8. I did not search or participate in the search of either of the suspects' vehicles.

9. I did not speak to either of the suspects.

10. I did not place either of the suspects under arrest.

_____
Richard T. Hannon

Subscribed and sworn to before me this 15th day of ~~September~~ October, 2003.

_____
~~Commissioner of the Superior Court~~
Notary Public
My Commission Expires:

My Commission Expires Sept. 30, 2004

- 2 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax: (203) 227-6992
Juris No. 412195